THOMPSON, Respondent, v. BUCHHOLZ, Appellant.

St. Louis Court of Appeals, April 26, 1904.

1. **FALSE IMPRISONMENT: Probable Cause.** In an action for false imprisonment, the plaintiff makes out his case when he shows that he was intentionally detained as a prisoner by the defendant without any warrant therefor, and is not required to prove malice or want of probable cause.

2. ———: ———: **Defense.** The defendant may justify by showing legal process or an efficient cause for the imprisonment, but to avail himself of this defense, he must plead it.

3. ———: ———: **Pleading: General Denial.** In an action for false imprisonment, where the answer was a general denial, the admission of evidence, without objection, tending to show probable cause, did not raise the issue of justification on the part of the defendant and so require the submission of such issue to the jury.

4. ———: ———: **Instruction.** Where the evidence showed that the officers arrested the plaintiff upon instruction from the defendant, it was not error to refuse an instruction to the effect that if the officers suspected the plaintiff of having committed a felony, it was their duty to arrest him on suspicion, and the verdict should be for the defendant.

5. **PRACTICE: Making Point First in Appellate Court.** Appellant can not, in the appellate court, complain that the trial court failed to instruct the jury in regard to a feature of the case upon which no instruction was asked at the trial.

Appeal from Hannibal Court of Common Pleas.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*E. W. Nelson* and *Kelly & Buchholz* for defendant.

(1) The petition does not state a cause of action. It does not allege want of reasonable or probable cause

and does not show that the arrest was unauthorized..
Taaffe v. Kyne, 9 Mo. App. 15; Larke v. Bards, 4 Mo.
App. 186; Burns v. Erben, 40 N. Y. 463; 11 Mass. 492;
2 Chitty Pl. 600. (2) The arrest was made by an officer
having power to make it. Such being the case, the only
complaint that could be maintained against one who di-
rected or requested the officer thus to use the power
given him by the law would be on the ground of mali-
cious persecution.    False imprisonment can not be
predicated on such facts.    Henry v. Lowell, 15 Barb.
268; 1 Waterman on Trespass, sec. 307-367. (3)    An
action for false imprisonment can not be maintained for
an arrest made where a peace officer had reasonable
cause to suspect that a felony has been committed.    It
is his duty to arrest.    Willis v. Warren, 17 How. Pr.
100.

*G. W. Whitecotton* for respondent.

BLAND, P. J.—The suit was to recover damages
for false imprisonment.    The answer was a general de-
nial.    The verdict and judgment were for plaintiff from
which defendant appealed.

The following (taken from respondent's abstract)
is a fair summary of the evidence:

"The defendant is a keeper of a saloon on Broad-
way in the city of Hannibal, and plaintiff is a single
man twenty-two years old, born and reared in Hannibal,
and living with his parents two and one-half blocks
from defendant's saloon and worked at a butcher shop
across the street from the saloon and well acquainted
with defendant.    Shortly after twelve o'clock on the
night of January the tenth, 1903, police officers Groves
and Higgenbotham were notified by telephone that de-
fendant's saloon was open.    The officers went to the sa-
loon and found one Ben Wright, who had frequently
served as a substitute bartender at the saloon, very
drunk and in charge of the place.    Wright greeted them

hilariously with the remark, 'Business is business, and it takes money to buy whiskey.' Wright claimed that he had found the door open and had met plaintiff in the saloon, and had given plaintiff a glass of beer. Others came in and Wright served them at the bar, collecting the money for the same and put it in the money drawer. Upon examination the officers found that the front door of the saloon had been forced open, and from appearances done by some one from the inside—indicating that some one had been shut up in the saloon and had broken out. Mr. Buchholz soon came and found nothing missing, and upon hearing the statement of Wright requested the officers to go and get plaintiff. The officers found plaintiff at his father's home, abed, asleep. They took plaintiff to the saloon and defendant requested them to 'lock him up and make him prove Monday where he was at.' The officers locked plaintiff in the city jail with a crazy negro where he remained until Monday afternoon. They had no warrant. No information or other proceeding was filed against plaintiff. Defendant took no further steps in the matter after having plaintiff locked up towards prosecuting him or having him released, and in the afternoon of Monday the jailer released plaintiff on his own motion.''

1. Appellant complains of the following instruction given for plaintiff:

''1. The court instructs the jury that if they believe from the evidence in the case that on or about the tenth day of January, 1903, in the city of Hannibal, Marion county, Missouri, the defendant requested police officers, Higgenbotham and Grove, to arrest plaintiff and take him to jail, and in pursuance of said request said police officers did arrest plaintiff and take him to the city jail in said city, and therein imprisoned plaintiff for thirty-six (36) hours or any number of hours, and that defendant was discharged from said imprisonment before this suit was brought, then plaintiff

is entitled to recover in this action such damages as the jury may believe from the evidence will compensate plaintiff for said wrongful arrest and imprisonment, including compensation for any pain or mental anguish that the jury may believe from the evidence plaintiff sustained by reason of said imprisonment, if any.''

The objection made to the instruction is that it authorized a recovery, notwithstanding there may have been probable cause for the imprisonment.

The charging part of the petition is as follows:

''Plaintiff states that heretofore, to-wit: on the tenth day of January, 1903, in the city of Hannibal, township of Mason, county of Marion and state of Missouri, the defendant, maliciously intending and contriving to injure plaintiff, did then and there cause and procure plaintiff to be by force imprisoned in the city jail of said city, and the plaintiff was then and there imprisoned and restrained of his liberty for a period of more than thirty-six (36) hours and until the twelfth day of January, 1903, at two o'clock in the afternoon thereof, without any lawful right or authority and without any reasonable cause, and against the will of plaintiff,'' etc.

The answer was a general denial.

In this state of the pleadings, the plaintiff contends that the issue of probable cause was not in the case, and the only issue is whether or not plaintiff was imprisoned by the defendant. A plaintiff in this character of action makes out his case when he shows that he was intentionally detained as a prisoner by the defendant, without any warrant therefor, and is not required to prove malice or want of probable cause. Boeger v. Langenburg, 97 Mo. 390; McCaskey v. Garrett, 91 Mo. App. 359. In this character of case, when the plaintiff makes proof of his imprisonment, the defendant may justify by showing legal process or an efficient cause for the imprisonment; but to avail himself of these de-

fenses, he must plead them specifically. They are not admissible under a plea of the general issue. 1 Hilliard on Torts, p. 212, sec. 5.

Bliss, in his work on Code Pleading, section 327, says: "The true rule is that under a denial, the defendant should be permitted to show no fact that does not go to disprove the fact denied." Evidence that the door of the saloon had been opened, either from within or without, and the declaration of one Bennie Wright, found drunk in the saloon, that he found the door open and the plaintiff inside, was shown by the plaintiff. Evidence tending to prove that the saloon had been entered from without and tending to show that a burglary had been committed was offered by defendant without objection. Conceding that this evidence tends to prove the saloon had been burglarized and that there was probable cause to believe that plaintiff was the burglar, was it error to eliminate this evidence from the consideration of the jury for the reason justification of the imprisonment was not pleaded as a defense?

In Iron Mt. Bank v. Murdock, 62 Mo. 70, it is said: "Courts do not possess the power to change by instructions the issues which the pleadings present."

In Bank v. Westlake, 21 Mo. App. l. c. 572, it is said: "But the introduction of the evidence (outside of the issues made by the pleadings) without objection, did not enlarge the issues." To the same effect is Kirby v. Railway, 85 Mo. App. 345.

In Budd v. Hoffheimer, 52 Mo. 297, the court said: "If the evidence shows a different state of facts from those contained in the pleadings, and a party to the suit desires instructions in accordance with those facts, he must first amend his pleadings by leave of court." This is the correct rule of practice and has been uniformly adhered to in this State; and the rule, that instructions must submit the issues as made by the pleadings where there is no evidence in support of them, has been time

and again announced. Brown v. Railway, 101 Mo. 484; K. C. Suburban Belt Railway v. Railway, 118 Mo. 599; De Denato v. Morrison, 160 Mo. 581; Wolfe v. Lodge, 160 Mo. 675; Finch v. Trust Co., 92 Mo. App. 263. We conclude that a justification of the imprisonment was not made an issue by the pleadings and, as it did not devolve on plaintiff to show want of probable cause to entitle him to recover, that his instruction No. 1 was not erroneous, for the reason it omitted to instruct the jury that they should find want of probable cause for the imprisonment to entitle plaintiff to a verdict.

2. Defendant asked instructions to the effect that if the police officers who made the arrest and imprisoned plaintiff suspected that plaintiff had committed a felony, it was their duty to arrest him, and if they arrested him on suspicion of having committed a felony then the verdict should be for the defendant. The evidence of these officers show that they did not imprison the plaintiff on their own initiative; that after they arrived at the saloon with the plaintiff and made an investigation of the condition of the door and heard the story of the drunken man Wright, they turned to the defendant and asked what they should do with the plaintiff. Defendant's answer was, "Lock him up and make him prove Monday where he was." The evidence, therefore, did not authorize these instructions and they were properly refused.

3. It is finally contended that the evidence tending to prove defendant had good grounds to suspect the plaintiff of having committed a burglary should have been considered by the jury in mitigation of the damages. This idea seems to have occurred to defendant's counsel since the trial. It is made for the first time in this court. Defendant did not ask the court to so instruct the jury and for this reason is in no position to raise the objection that it was not so instructed.

Discovering no reversible error in the record, the

judgment is affirmed. *Reyburn, J.,* concurs. *Goode, J.,* dissents, thinking the first instruction for plaintiff is wrong.