IDELLA HARRIS, Respondent, v. TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, Appellant.

St. Louis Court of Appeals.     Opinion Filed February 3, 1920.

1. **FALSE ARREST AND IMPRISONMENT: Evidence: Agency: Arrest at Direction of Employee.** In an action for damages against a railroad association for false arrest and imprisonment on a charge of larceny, evidence *held* sufficient to show that plaintiff was arrested at the direction of one of defendant's employees while in the regular performance of his employment.

2. ————: **Arrest: What Constitutes.** Where a police officer, at the command of an employee of defendant, took plaintiff by the arm and stopped her, *held* that when the policeman stopped her he arrested her, and that such arrest was made at the direction of of defendant's employee.

Harris v. Railroad Association.

3. ——: ——: Directed by Employee. Where plaintiff had left the railroad station and was proceeding on her way followed by an employee of defendant, who was watching her, and who commanded a police officer to stop her, followed by the supplemental statement that she was wanted for copping a grip at the station, *held*, under the circumstances, such was equivalent to a direction to arrest her.

4. ——: Unofficial Citizen Requesting Arrest: Defenses: Actual Guilt is Only Ground of Justification. Where one gives information of a supposed offense or even requests an officer to make the arrest, if the officer investigates the charge when he makes the arrest, and there is reasonable ground to suspect the person arrested as the perpetrator of the offense, the arrest is justified and the officer making the arrest would not be liable for damages even though the person arrested is guilty of no offense, but the only justification which the individual or unofficial citizen could invoke, where he directs or requests the officer to make the arrest would be that the party arrested was actually guilty.

5. ——: Instructions: Not Misstating Grounds of Justification. In an action for false arrest and imprisonment, an instruction that if the jury believe the defendant caused the arrest of plaintiff, the only plea of justification or excuse would be that the plaintiff was guilty of the crime for which she was arrested, and that neither want of probable cause nor malice need be shown to entitle plaintiff to recover since the lack of malice or want of probable cause could be considered only in mitigation of punitive damages, also defining probable cause, *held* that this instruction does not incorrectly state the grounds for justification in false arrest cases.

6. ——: ——: Arrest Justified on Ground of Guilt. In an action for false arrest and imprisonment, the court's refusal to give an instruction that if the jury find and believe from the evidence that the valise mentioned in the evidence was stolen, etc., by plaintiff, then plaintiff was not entitled to recover, *held*, error.

7. INSTRUCTIONS: Justification for False Arrest: Error to Refuse Instruction Presenting Defendant's Theory of case. In an action for false arrest and imprisonment, where defendant introduced testimony tending to establish the fact that plaintiff was guilty of the theft for which it procured her arrest, it was entitled to have its theory of the law properly presented to the jury, and the court's refusal to do so amounts to reversible error.

8. ——: ——: Instruction Improperly Using Word Competent Not Reversible Error. In an action for false arrest and imprisonment, an instruction using the word "competent" in connection with the word "evidence," while the use of this word in the instruction is not approved, but *held* this alone would not amount to such error as would call for a reversal.

9. ———: ———: Error in Refusing Instruction Justifying Arrest: Not Cured by One That Probable cause Eliminated Punitive Damages. In an action for false arrest and imprisonment, an instruction that if defendant had reasonable and probable cause to believe that plaintiff stole the suitcase in question then they should not allow plaintiff any punitive damages together with the fact that the jury did allow punitive damages, *held* not to cure the error in refusing defendant's requested instruction that if plaintiff was guilty of the theft she could not recover.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Thomas L. Anderson,* Judge.

REVERSED AND REMANDED.

*J. L. Howell* and *S. P. McChesney* for appellant.

(1) The court erred in overruling the defendant's instruction in the nature of a demurrer, requested at the close of the whole case, because the plaintiff did not make out a case against the defendant, in that there is no evidence in the plaintiff's case or the defendant's case that the defendant requested, suggested or caused the plaintiff to be arrested, but merely gave information to a police officer, who, after an investigation, found there was reasonable ground to suspect that the plaintiff had committed a crime, and arrested her. (a) The mere giving of information of what one knows of a supposed offense, without requesting an arrest, does not thereby make the one giving it liable for false imprisonment. Lark v. Bande, 4 Mo. App. 186. (b) Where one gives information of a supposed offense, or even requests the officer to make an arrest if the officer investigates the charge when he makes the arrest, and there is reasonable ground to suspect the person arrested as the perpetrator of the offense, said arrest is justified, even though the person arrested is guilty of no offense. Wehmeyer v. Mulvihill, 150 Mo. App. 197, 206-207; Hanser v. Bieber, 271 Mo. 326, 337-338, 348-349. (2) Plaintiff's instruction No. 2, is erroneous in that it attempts to give the law of

justification in false arrest cases, but fails to give it correctly, in that it limits such justification to the fact that the plaintiff must be guilty of the crime charged, notwithstanding the fact that it was pleaded and proven that the arrest was made by a police officer, and when so made it may be justified, even though no offense has actually been perpetrated by the person arrested, if it appears that the officer had reasonable ground to suspect an offense had been committed. Wehmeyer v. Mulvihill, 150 Mo. App. 197, 206-207; Hanser v. Bieber, 271 Mo. 326, 337-338, 348-349. (3) Plaintiff's instruction No. 3, is erroneous, because it is a comment on the evidence. (4) The court erred in refusing to give defendant's instruction No. 1, because the failure to give this instruction deprived the defendant of one of its main defenses and did not permit the defendant to submit this theory to the jury. Welmeyer v. Mulvihill, 150 Mo. 197; Pandjiris v. Hartman, 136 Mo. 539; Northam v. Railroad, 167 S. W. 247. (5) Because the verdict of the jury is so excessive that it shows bias and prejudice and passioin on part of the jury, and shows that the defendant did not have a fair and impartial trial.

*Geo. L. Vaughn* for respondent.

(1) The testimony given on behalf of both the plaintiff and the defendant showed conclusively that the arrest took place out on Market street, nearly two blocks away from the Union Station. R. S. 1909, sec. 5120; Singleton v. Kansas City Base Ball, etc., Co., 157 S. W. 964; Dunleavy v. Wolferman, 79 S. W. 1166. (2) Plaintiff's evidence, after verdict, must be taken as true. Forsee v. Zenner, 193 S. W. 978. (3) From all the evidence in the case, it is clear that the case at bar does not come within the rule cited by appellant in paragraphs (a) and (b) under point one for the reason that the arrest took placse out on Market street and at the direction of Hoesli, an employee of the defendant, and without the police officer having made any investiga-

tion to determine whether or not there was a reasonable cause to suspect plaintiff of having committed the offense in question. Wehmeyer v. Mulvihill, 130 S. W. 684, and cases there cited; Singleton v. Kansas City Base Ball Co., supra; Ahern v. Collins, 39 Missouri 146; Hanser v. Bieber, 271 Mo. 326. (4) There were no facts upon which defendant or the police officer could base a reasonable belief as to the guilt of plaintiff of the offense charged for the reason, (a) That no investigation was made by the officer before the arrest took place as it was his duty to do. Stubbs v. Mulholland 168 Mo. 47; Wehmeyer v. Mulvihill, supra; Hanser v. Bieber, supra. (b) The investigation purported to have been made after the arrest took place, did not disclose sufficient facts upon which to base a reasonable belief either on the part of the defendant or the police officer, in the guilt of the plaintiff. Wehmeyer v. Mulvihill, supra; Hanser v. Bieber, supra. (5) Instruction No. 2, given for the plaintiff, states the law correctly: (a) Because it tells the jury that if they find and believe from the evidence that the defendant caused the arrest of plaintiff then, the only justification or excuse which defendant can offer is that the plaintiff was guilty of the offense charged. Pandjiris v. Hartman, 94 S. W. 270; Thompson v. Buchholz, 107 Mo. App. 121. (b) The question of probable cause or of malice on the part of the defendant could only affect the proposition of punitive damages, Pandjiris v. Hartman, 94 S. W. 272; Dunlevy v. Wolferman, 79 S. W. 1166. (6) The right of police officers in cities to make arrests without warrant for misdemeanors not committed in their presence, is an extension of the common-law right to arrest without warrant for a felony not committed in the officer's presence. In construing the statute authorizing the same the courts have been very careful to throw a safeguard about the rights of individuals by laying down the rule that, in order to make such an arrest lawful, the officer, at the time of making the arrest must have had sufficient

facts in his possession to give him probable cause to believe in the guilt of the person arrested; that the investigation must have been made before the arrest takes place; and that the officer is chargeable with all the facts that he knew, or could have known by the use of due diligence, before he acts. Hanser v. Bieber, supra; Wehmeyer v. Mulvihill, supra. (7) (a) Instruction must be taken as a whole—read together; and if they fairly state the issue in some part of the charge in such manner as to be understood by the jury, this will be sufficient. Jackson v. W. U. Telegraph Co., 156 S. W. 804; 38 Cyc. 1611. (b) A reviewing court will not reverse a verdict for failure to submit an issue to the jury where the verdict rendered necessarily included a finding against the appellant on the issue. 38 Cyc. 1640. (c) A reviewing court will not reverse for failure to submit an issue to the jury where no other verdict could have been rendered on the evidence, or sustained if rendered. 38 Cyc. supra; Magrane v. St. Louis & S. Ry. Co., 81 S. W. 1160. (8) The verdict of the jury in awarding the actual damages, is not excessive, in view of the facts and mental anguish suffered by the respondent.

NIPPER, C.—This is an action for damages brought by the plaintiff Idella Harris, against the defendant, Terminal Railroad Association of St. Louis, for unlawful arrest and false imprisonment. This suit was instituted in the circuit court of the city of St. Louis.

Plaintiff alleges that the agents and servants of the defendant, while acting within the scope of their employment, caused a police officer of the city of St. Louis, to arrest her upon a charge of larceny; that she was taken to the police station, and kept for fourteen hours in a cell, and compelled to listen to vile and obscene language, conversation and songs, by and between other prisoners and had to appear as defedant in a public trial on charge of larceny; that she has been greatly damaged in her good name and fame and

suffered mental anguish, mortification and humiliation; and charging further that this action was instigated by malicious motives.

The answer was a general denial, and the special plea that the plaintiff did wilfully and unlawfully steal from Mrs. Blanche Estes, a suitcase and contents, while said suitcase was at Union Station, in the city of St. Louis; and further denied that plaintiff was arrested for the purpose or intention of mortifying or humiliating her; that she was arrested by a police officer, acting under the honest belief that she had stolen the suitcase.

The trial in the court below resulted in a verdict for the plaintiff in the sum of $2500 actual damages and $500 punitive damages. Plaintiff afterwards entered a remittitur of the punitive damages leaving the judgment for $2500.

The facts briefly stated are, that on the 6th day of November, 1914, the plaintiff, a colored girl was collecting subscriptions for a paper. She had been over on South Twentieth Street near Union Station collecting, and when she started back to the office, which was located at 2138 Market Street, it was about 5:30 in the evening. She went into the Union Station Midway on the west side of the station and proceeded to the lavatory near the Eighteenth Street side of the station; when she came out she walked over to the Market Street stairs of the station and proceeded out of the station and on up Markt Street. After she had walked about a block away from the station, she heard someone say, "Stop that Woman." A policeman took her by the arm and stopped her. At about that time, Hoesli, a train caller at Union Station, in the employ of defendant, reached the scene and stated to the policeman, "She's wanted back at Union Station for copping a grip." The officer took her back to the station, where defendant's employees stated she was the colored lady who had checked the grip in question in the parcel room, and she was then taken to the police station, and

kept there until 10:30 A. M. the day following. She was there released, went home and went to bed, and was in a nervous condition and unable to perform her duties for several weeks.

The testimony shows that she sustained a good reputation in the community where she lived prior to her arrest, and was a member of the church, Sunday School and social clubs. The records of the court of criminal correction of the city of St. Louis showed that she was tried and acquitted of this charge. The defendant introduced testimony tending to show that the plaintiff had actually stolen the suitcase in question, of the value of $25, and checked it in the parcel room belonging to the defendant.

After the verdict and judgment, as aforesaid, defendant unsuccessfully moved for a new trial, and brings this case here by appeal.

Appellant's first assignment of error is, that the court should have sustained its demurrer to the evidence, upon the theory that the train caller, Hoesli, merely furnished the information to the police officer making the arrest, and that the mere giving of information of what one knows of a supposed offense, without requesting an arrest, does not make the one giving it liable for false imprisonment, and, further that even where one requests an officer to make an arrest, if there is reasonable grounds to suspect the person arrested has perpetrated the crime, that the arrest is justified, even though the person arrested is guilty of no offense.

The defendant contends that its servants and employees merely gave the police officer information, and that the officer made the arrest without its request or direction. This contention is not supported by the testimony.

When plaintiff left Union Station and proceeded on her way west on Market Street, she was followed by Hoesli, who was watching her, and keeping some distance behind her. After she had passed the police officer, Hoesli, commanded the officer to stop her,

which, under the circumstances, was equivalent to a direction to arrest her. This staement or direction, was followed by the supplemental statement, "She is wanted for copping a grip at the station."

We think there was sufficient testimony to show that plaintiff was arrested at the direction of one of defendant's employees, while in the regular performance of his employment. She was within the power of the police officer; she protested her innocence, and offered to explain her presence at that place at that particular time. The policeman took her on over to Union Station. We hold that when the policeman stopped her he arrested her, and that such arrest was made at the direction of defendant's employee, Hoesli, [Singleton v. Kansas City Base Ball & Exhibition Co., 172 Mo. App. l. c. 307, 157 S. W. 964.]

As to the further contention that, "where one gives information of a supposed offense, or even requests an officer to make the arrest, if the officer investigates the charge when he makes the arrest, and there is reasonable ground to suspect the person arrested as the perpetrator of the offense, said arrest is justified, even though the person arrested is guilty of no offense," it is true under conditions as above stated the officer making the arrest would not be liable in damages, but not so as to the individual. The officer would be absolved from any liability, if he had reasonable grounds to suspect that a crime had been committed by the plaintiff, even though it may afterwards turn out that she was not guilty, but the only justification which the individual or unofficial citizen could invoke, would be that the party arrested is actually guilty.

The question as to whether of not the officer making the arrest in this case had reasonable grounds to suspect the commission of a crime by the plaintiff, is not necessarily before us, for whether he did or did not have such reasonable grounds, would only go to the question of the officer's liability, and not to the defendant's.

After holding, as we have, that plaintiff was arrested at the direction of defendant's agent, Hoesli, then defendant's only grounds of justification is that she was guilty of stealing the suitcase. [Pandjiris v. Hartman, 196 Mo. 539, 94 S. W. 270; Hanser v. Bieber, 271 Mo. 326, 197 S. W. 68; Leve v. Putting, (Mo. App.) 196 S. W. 1060.]

Defendant complains of instructions numbered 2 and 3, given by the court at plaintiff's request, and also of the court's refusal to give its instruction No. 1.

Instruction No, 2, given for the plaintiff, told the jury, in substance, that if they believed the defendant caused  the arrest of plaintiff, that the only plea of justification or excuse would be that the plaintiff was guilty of the crime for which she was arrested, and that neither want of probable cause, nor. malice need be shown to entitle plaintiff to recover; that the lack of malice or want of probable cause could only be considered in mitigation of punitive damages, and defined "probable cause." It is urged that this instruction does not correctly state the grounds for justification in false arrest cases, but we think the instruction is not subject to the objections made to it by appellant. The defendant further complains of the court's refusal to give its instruction No. 1, which was as follows:

"The court instructs the jury that if you find and believe from the evidence that the valise, mentioned in the evidence, was stolen from Mrs. Blanche Estes by the plaintiff, then plaintiff is not entitled to recover and your verdict must be for defendant."

This instruction correctly states the law and should have been given. This was the principal defense set out in defendant's answer to plaintiff's petition. Defendant introduced some testimony tending to establish this fact, and was entitled to have its theory of the law properly presented to the jury, and the court's refusal to do so amounts in this case to reversible error. If the instructions given for the plaintiff had properly presented defendant's theory, it would not have been

necessary to give the instruction above set out; but such was not done. [Northam v. Railroad, (Mo.) 176 S. W. 227.]

Defendant objects to instruction No. 3, because of the use of the word "competent" in connection with the word evidence, as being a comment upon the evidence. We do not approve of the use of this word in this instruction, but this alone would not amount to such error as would call for a reversal. As we will have to reverse this case on account of the failure of the court to give defendant's instruction No. 1, and as there will have to be a new trial, we will suggest that the last paragraph of plaintiff's instruction No. 3, is misleading and confusing, as the jury may have believed from reading it, that prima-facie proof was conclusive proof of the plaintiff's innocence, without some qualifying clause added to this instruction.

Plaintiff contends that inasmuch as the jury is told in another instruction that if defendant had reasonable and probable cause to believe that plaintiff stole the suitcase in question, then they should not allow plaintiff any punitive damages; and that as the jury did allow punitive damages, they must have found that defendant had no reasonable and probable cause to believe plaintiff guilty, and that this finding necessarily found plaintiff not guilty; but we do not think this cured the errors above noted, for, under all the instructions the jury may have believed that at the time the arrest was made, defendant had no reasonable grounds to believe plaintiff guilty, but upon the trial of the case, it may have been shown that she was guilty.

For the errors above noted, the Commissioner recommends that the judgment of the trial court be reversed and the cause remanded for a new trial.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded for a new trial. *Reynolds, P. J., Allen* and *Becker, JJ.,* concur.