R. T. VAUGHN, Respondent, v, WALKER D. HINES, Director General of the ST. LOUIS, SAN FRANCISCO RAILROAD COMPANY, Appellant.

Springfield Court of Appeals, May 3, 1921.

1. **APPEAL AND ERROR:** On Demurrer to Evidence, Facts Must be Considered Favorably to Plaintiff. When considering defendant's contention that its demurrer to plaintiff's evidence should have been sustained, the facts must be regarded most favorably to plaintiff.

2. **FALSE IMPRISONMENT:** Evidence Sufficient to Make Prima-facie Case for Passenger Arrested on Conductor's Complaint. In an action against a carrier for the act of the conductor in placing plaintiff in custody of a city marshal for having drawn a knife on him, the conductor, during an altercation over plaintiff's having turned over certain seats in the car, evidence *held* sufficient to make a prima-facie case of false imprisonment for plaintiff.

3. ———: Actual Damages Recoverable Without Proof of Facts Pleaded as Basis for Punitive Damages. In an action for false imprisonment, where plaintiff seeks both actual and punitive damages, merely because he has pleaded the facts of malice and want of probable cause necessary to entitle him to punitive damages, he is not also required to prove such facts to show himself entitled to actual damages.

4. ———: Want of Probable Cause and Malice not Elements of Liability for Actual Damages. Want of reasonable or probable cause and malice are elements not entering into the action of false imprisonment so far as actual damages are concerned.

5. ———: Instruction on Arrest of Passenger Proper. In an action against a carrier for false imprisonment of plaintiff, arrested at the instance of a conductor, in view of the evidence, instruction that the jury would find for plaintiff if they believed that the conductor, while acting as defendant's agent, requested the officer to arrest plaintiff and keep him in custody, and the officer did so restrain plaintiff, who was discharged from imprisonment before suit filed without charges preferred against him, was properly given.

6. ———: Evidence of Justification Inadmissible under General Denial. In an action against a carrier for false imprisonment of a passenger arrested at the instance of a conductor where the only answer was a general denial, defendant's evidence, tending to justify the conductor's act was properly excluded.

7. APPEAL AND ERROR: Instruction as to Actual and Punitive Damages, Though Misleading, not Reversible Error. In an action against the federal Director General of Railroads for false imprisonment of plaintiff caused by a conductor, plaintiff's instruction, allowing such damages as the jury should find from the evidence, if any, not exceeding the sum of $1000 as to actual and $2000 as to punitive damages, though misleading, *held* not reversible error.

8. FALSE IMPRISONMENT: $1000 Actual Damages, and $1000 Punitive Damages Held Excessive as to Punitive Damages. Where plaintiff, a passenger accused of violating the rules and making threats in a dispute with the conductor, was arrested by the direction of the conductor, and taken off of the train on which he was riding with his family, and kept in the officer's custody about nine hours, and released without charges preferred against him, an allowance of $1000 actual damages was not excessive, but an addtional allowance of $1000 punitive damages was excessive by $800.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker,* Judge.

AFFIRMED (*On Condition.*)

*W. F. Evans* and *Ward & Reeves* for appellant.

(1) We take up the first two assignments together, to-wit: (1) The court erred in refusing defendant's

instruction No. B. in the nature of a demurrer to the evidence at the close of all the evidence in the case; and, (2) the verdict of the jury is against the evidence, the weight of the evidence, and the law under the evidence.

Billingsley v. Kline Cloak Co., 196 Mo. App. 534; Vansickle v. Brown, 68 Mo. 627; Stubbs v. Mulholland, 168 Mo. 47. (2) We shall only call the court's attention here to a remark found at the bottom of page 18 of the abstract, which was as follows: "Overruled; you got him into prison, and he has a right to tell how he got out." This remark of the court was made on account of an objection just made to a statement attributed to the marshal while the plaintiff was in his custody. We think the ruling of the court was wrong, and most certainly his remark showed lack of even temper and un-biased attitude in the trial. State v. Davis, 225 S. W. 706; State v. Kyle, 225 S. W. 1012; Rooker v. D. S. W. Ry. Co., 226 S. W. 69. (3) The court erred in submitting the case upon the theory that the plaintiff had made a case justifying exemplary or punitive damages. The court therefore erred in refusing defendant's instructin No. 7. to the effect that the plaintiff could not recover exemplary or punitive damages. There is no substantial evidence in this record that the conductor of the defendant acted in bad faith or maliciously. All the evidence shows that the conductor merely asked the plaintiff to turn the seats, as the rules of the company did not permit the seats to face each other in the car. The plaintiff himself admits that, without any reasonable excuse or provocation, he refused to turn the seats and arose from his seat and drew his knife. He admits that he was mad. Three witnesses swear that the plaintiff opened his knife and these witnesses are corroborated by several others who say they saw plaintiff doing something with his hands behind him as if opening his knife. Under these circumstances the plaintiff was not

entitled to any punitive or exemplary damages. Maloy v. Railway Co., 178 S. W. 224; State v. Jungling, 116 Mo., 165; Berlin v. Thompson, 61 Mo. App. 734; Lewis v. Jannonpoulo, 70 Mo. App., 329; Wehmeyer v. Mulvihill, 150 Mo. App., 197; Hill v. Kresge Co., 202 Mo. App. 385; Vest v. S. S. Kresge Co., 213 S. W. 165; Billingsley v. Kline Cloak Co., 106 Mo. App. 534.

*Smith & Seed,* for respondent.

(1) The court properly refused defendant's instruction numbered B in the nature of a demurrer at the close of all the evidence and the verdict of the jury is in keeping with the evidence. The plaintiff made a ·prima facie case when it was shown that defendant's agent had caused his arrest and detention without a warrant and all the testimony shows that the plaintiff was arrested without cause and that he did not threaten the conductor and did not violate the law in that way. Pandjiris v. Hartman, 196 Mo. 548; Hanser v. Bieler, 271 Mo. 326; Tiede v. Fuher, 264 Mo. 629; Wehmeyer v. Mulvihill, 150 Mo. App. 205; Thompson v. Bucholz, 107 Mo. App. 121. "An officer making an arrest is absolved from any liability, if he had reasonable grounds to suspect that a crime had been committed by the plaintiff, even though it may afterwards turn out that he was not guilty, but the only justification which the individual or unofficial citizen could invoke would be that the party arrested is actually guilty." Harris v. Terminal Ry. Ass'n, 218 S. W. 686; Pandjiris v. Hartman, 196 Mo. 539; Hauser v. Bieber, 271 Mo. 326; Leve v. Putting, 196 S. W. 1060. (2) The court did not err in making prejudicial remarks in the presence of the jury. The particular remark complained of at the bottom of page 18 of appellant's abstract were excepted to by the appellant and the exception sustained. Appellant's abstract, p. 19. (3) It was not error to refuse defendant's instruction No. 7. There was substantial evidence that

the arrest was without just warrant under the law. It was a question for the jury to determine whether plaintiff was entitled to punitive damages. Pandjiris v. Hartman, 196 Mo. 548; Hanser v. Bieler, 271 Mo. 326; Tiede v. Fuher, 264 Mo. 629; Wehmeyer v. Mulvihill, 150 Mo. App. 205; Thompson v. Bucholz, 107 Mo. App. 121; Summers v. Keller, 151 Mo. App. 626.

FARRINGTON, J.—Respondent recovered a judgment against the defendant for the sum of $1,000 actual and $1,000 punitive damages. The judgment is based upon a petition charging that the defendant had caused the false imprisoment of the plaintiff, and further charging that in doing so it acted maliciously, wrongfully and unlawfully. The plaintiff sought compensatory as well as exemplary damages. The petition originally was in two counts, but at the close of the evidence the first count was dismissed. The only answer filed by the defendant was that of a general denial.

The facts of the case, appearing from the record, are that on the 26th day of July, 1919, the plaintiff in company with his wife and four or five children boarded one of defendant's trains at St. Louis, bound for Senath, Mo., his home, which is also on defendant's line. He had purchased his tickets and he and his family were rightfully on the train. On seating himself and family he went to the end of the passenger coach and turned twoof the seats, thereby making four seats all facing each other. He and his wife sat in two, and facing them they placed two very small children. The other children were across the isle with a relative of plaintiff's wife. Shortly after the train left St. Louis, the colored porter came through and noticed the plaintiff had turned the seats, as we have described, and informed him that it was against the rules of the defendant to do this and asked him to turn them back. The plaintiff, in answer to the porter, told him that he would wait until the conductor came through and see if he could not keep them

that way owing to the fact that he had two very small children with him. The train on which he was traveling left St. Louis about 9:00 o'clock at night. When the conductor came through, he noticed the seats being turned and informed the plaintiff that he would have to turn them back. Plaintiff made some protest and asked the conductor if it was against the law to turn them or merely against some rule of the defendant. He was informed by the conductor that it was against the rules.

We are stating the facts most favorably to plaintiff in this opinion, as it is our duty to do when considering the defendant's contention that its demurrer to the evidence should have been sustained. In this first talk with the conductor about the seats it appears there was not much difficulty between the two. Plaintiff, however, did not turn the seats back, and in a few minutes the conductor appears again and, according to plaintiff, in a rough manner told him to turn the seats back, and again plaintiff protested and did not do it. He got up out of his seat and he and the conductor were both standing. He testified that the conductor, when he spoke to him in a rough manner, ran his hand in his left pocket and that when he, plaintiff, saw him do that he, plaintiff, took his knife out of his pocket, but plaintiff testified that he never at any time opened the knife. He is corroborated on this point by witnesses, and the testimony offered by the defendant is that he took his knife out, opened it and threatened to cut the conductor. Plaintiff's testimony further shows that the seats were not turned at this time, and that a man by the name of Walls, who apparently was a relative of plaintiff's wife, came up to them and advised them not to have any trouble. The conductor passed on and then Walls went out and talked to some one and came back and told plaintiff that it was against the law to keep the seats as he had turned them, and plaintiff then turned the seats back, as the conductor told him. That he supposed there would be no more trouble, and nothing more was said about it

until the train reached Crystal City, something like 30
or 40 miles from St. Louis, and when it reached that
point the conductor came to the door with the Marshal
of the town and pointed out the plaintiff. The marshal
took hold of plaintiff's arm and told him he must get
off. Plaintiff protested to him that he had done nothing
but offered no resistance to the officer. When he got off
the train the plaintiff says the conductor informed the
marshal that plaintiff had drawn his knife on him and
threatened to cut him. The marshal took charge of the
plaintiff and held him until about 2 or 3 o'clock in the
morning, he having arrested him at the instigation of
the defendant's conductor about 10:30, when the train
reached Crystal City. Plaintiff was not placed in jail
but was kept in custody of the officer until 2 or 3 o'clock,
when he was permitted to deposit $15. for his appearance
the next morning and no longer kept in custody of the
officer. In the meantime the marshal and defendant's
station agent were wiring to defendant's headquarters
relating what had been done and asking for advice. No
word was received, and about 8 o'clock the next morning,
no word having come and no charge having been placed
against the plaintiff, his $15. was returned to him and
he was permitted to go on to his home. The evidence
shows that no charge was ever placed against the plain-
tiff, and that so far as his conduct on the train with the
conductor was concerned, nothing further was ever done
about having him arrested or tried for any offense.

As stated before, defendant's evidence tends to show
that the plaintiff was the aggressor, having taken out
his knife, opened it and threatened to cut the conductor.

A goodly number of assignments of error are set
forth in appellant's brief, the first being that the court
should have granted appellant's demurrer to the evi-
dence at the close of the case, and that the verdict of the
jury is against the evidence and the law. The state-
ment of facts which we have made in our judgment

clearly makes out a prima-facie case for plaintiff, which disposes of these two assignments.

Appellant contends that in view of the fact that the plaintiff in his petition alleged that his arrest was without acuse and without right and authority, he failed in his proof to make out the case as plead, citing Billingsly v. Kline Cloak Co., 196 Mo. App. 534, 196 S. W. 415. We have examined that case and find that the court there does hold that although it is unnecessary in this kind of action to plead reasonable and probable cause, yet when a plaintiff does plead it, it becomes necessary to prove it. In that case it is not shown whether there was any damage sought or obtained of a punitive nature, and the decision really is based upon the finding of fact by the appellate court that the plaintiff there was by her own testimony guilty of an offense and therefore had not been subjected to a false imprisonment. Very little can be gleaned from the opinion concerning the pleadings in that case. In the present case, however, plaintiff is not only seeking compensatory damages, but punitive damages, and as a basis for punitive damages is malice and want of probable cause, we do not think that in a case where plaintiff seeks both actual and punitive damages, that because he has plead the facts necessary to entitle him to punitive damages, he must also prove those facts in order to be entitled to actual damages.

The law is well settled in this State by a long line of cases, some of which are very recent, that want of reasonable or probable cause and want of malice are elements not entering into the action of false imprisonment so far as actual damages are concerned. [See Pandjiris v. Hartman, 196 Mo. 539, 94 S. W. 270; Thompson v. Buchholz, 107 Mo. App. 121, 81 S. W. 490; Tiede v. Fuhr, 264 Mo. 622, 175 S. W. 910; Hanser v. Bieber, 271 Mo. 326, 197 S. W., 68; Wehmeyer v. Mulvihill, 150 Mo. App. 197, 130 S. W. 681.]

It is also held in these cases, cited, that in order for a defendant to show justification for his act he must affirmatively plead it, and that such affirmative showing cannot be made under a general denial, such as was filed in this case.

We must, therefore, hold that the trial court was justified in giving plaintiff's first instruction. The evidence shows, without doubt, that the defendant's conductor caused plaintiff's arrest, in which instruction it informed the jury that they would find for the plaintiff if they believed that the conductor, while acting as the agent for defendant, requested the officer to arrest plaintiff and keep him in custody, and find that on such request such officer did restrain plaintiff of his liberty and was discharged from imprisonment before this suit was filed, and without any charges ever having been preferred against him.

Appellant's assignments to the exclusion of evidence, as relates to evidence which tended to justify the conductor's action, under the pleadings this was properly excluded.

The charge of appellant that the trial court erred in refusing its instruction which precluded a consideration by the jury of the action and conduct of the plaintiff, either as to actual damages or punitive damages, is not well made.

Defendant's first instruction, in effect, informed the jury that they would find the issues for the defendant if they found that the acts of the plaintiff justified his arrest. As stated before, this was not available to defendant owing to the fact that no plea had been entered justifying such defense.

The same is true of defendant's instructions No. 2, 3, 5 and 6. None of defendant's instructions asked sought to separate what the jury might find for plaintiff for on actual damages, and what would be necessary to require a finding for punitive damages.

206 M. A.—28

Plaintiff's instruction No. 2 flatly required the jury to find that the conductor's act was willful and malicious before any punitive damages could be allowed the plaintiff.

Appellant contends that plaintiff's instruction allowing damages, as they shall find from the evidence, if any, not exceeding a total of the sum of $1,000 as to actual and $2,000 as to punitive, is erroneous, citing Stid. v. Railway, 236 Mo. 382, 139 S. W. 172; Lessenden v. Railway, 238 Mo. 247, 142 S. W. 332; Applegate v. Railway, 252 Mo. 173, 158 S. W. 376; Kinney v. Met. St. Ry., 261 Mo. 97, 169 S. W. 23. Upon an examination of these cases, the Supreme Court, while it has severely criticised instructions of this kind, has not seen fit to reverse, a judgment on that account. In the very recent case of Gaty v. United Railways Co., 227 S. W. 1041, the court held that it is not ordinarily reversible error to give this instruction. We are of the opinion that such an instruction is misleading but do not feel that we could hold it reversible error in view of the fact that the Supreme Court has, although severely criticised it, refused to make reversible error out of such an instruction.

The question of excessive compensatory damages is largely a question for the determination of a jury and will not be interfered with on appeal unless it is clearly shown that the amount allowed is the result of passion and prejudice. Under the finding of the jury this plaintiff was wrongfully arrested, taken off a train at night on which he was traveling with his wife and several small children. The disgrace and humiliation which would attend such circumstances, the anxiety growing out of a prosecution for a criminal offense, as well as the jeopardy in which the liberty of a party has been placed by the prosecution, are all matters largely of a relative nature, and the law in its wisdom has seen fit to leave the amount given by a jury as compensation for one placed in these uncomfortable surroundings,

unless it is apparent that there has been an abuse of this power given to juries. We cannot say that $1,000 is excessive.

On the question of punitive damages in this case, we feel that the jury has allowed an excessive amount. So far as the plaintiff's treatment after being arrested is concerned, he was shown great courtesy by the officer who kept him in his presence and under his control merely for period of about three hours. He was not taken to jail or locked up, and finally by depositing $15. with the officer he was permitted to go free until next morning, at which time he was given back his deposit and permitted to leave. This must be taken into consideration as mitigating the amount of punitive damages. [See Tiede v. Fuhr, 264 Mo. 622, 175 S. W. 910.]

The plaintiff, in a measure, helped to bring on the unfortunate circumstance that resulted in his arrest. From the record before us he was violating the rules of the company and refused to comply with the rules after he had first been asked twice in a courteous manner to refrain. His conduct would apparently be sufficient to justify the conductor in putting him off the train for refusing to desist in violating the rules which the conductor was placed there to see enforced. He was not struck or vindicatively handled at any time. He admits himself that he was mad when he was talking to the conductor, and further admits that he did take his knife out of his pocket, claiming that he never opened it, and defendant's witness testifying that he did.

Under this state of facts we do not fell that the defendant should be severely punished so far as smart money is concerned. The judgment is for $2,000. If respondent will file in this court, within ten days from amount of $800, we will then affirm the remainder of the judgment, $1200, otherwise the judgment will be the handing down of this opinion, a remittitur to the reversed and the cause remanded.

*Cox, P. J.,* and *Bradley, J.,* concur.