## PANDJIRIS, Appellant, v. HARTMAN.

### Division One, May 30, 1906.

1. **FALSE IMPRISONMENT: Malicious Prosecution: Difference.** The difference between unlawful arrest or false imprisonment and malicious prosecution is this: The wrongdoer in making the unlawful arrest, or causing it to be done, takes the law into his own hands and acts without a warrant from a court or magistrate, while the man who instigates a malicious prosecution puts the machinery of the criminal law into operation, causing a warrant to issue and an arrest under the warrant. In the latter case reasonable cause for believing the arrested person guilty, and that it was done without malice and on the advice of counsel, will be a defense; in the former, not.

2. ————: **Right of Arrest: Private Citizen: Risk: Malice: Advice of Counsel: Justification.** It is the right and privilege of any citizen knowing that one has committed a crime or is in the act of committing a crime, to arrest the offender or cause him to be arrested, without waiting for a warrant, but in doing so the unofficial citizen takes the risk, to-wit, if it should turn out that the man who had been arrested was not guilty of the crime, the citizen causing the arrest is liable in a civil action for whatever damage the arrested man sustained in consequence of his arrest and imprisonment. In such case it is no answer to the arrested man's demand for damages for the citizen to say he had reasonable cause to believe the other

was guilty, that he acted without malice, and took the advice of counsel. The only available plea of justification or excuse is that the other was guilty of the crime for which he was arrested.

3. ———: **Damages: Instruction.** An instruction should not tell the jury that they may award the plaintiff in an action for false imprisonment "such sum as they believe from the evidence he ought to recover, not exceeding," etc. Where there is no claim for punitive damages, the recovery should be limited to a sum which the jury believe from the evidence is necessary and sufficient to compensate the plaintiff for the injury he suffered.

4. ———: **Instruction: "As Charged."** The instruction contained these words: "If the plaintiff was restrained of his liberty at the instance of defendant as charged in the petition," etc. *Held*, that the words "as charged in the petition" should have been omitted. The jury should not be referred to the petition.

5. ———: ———: **Should Be Based on Evidence: Trespass.** Where the defendant testified that plaintiff had appropriated some money collected by him, and on his refusal to disgorge he called an officer and ordered him arrested, an instruction is erroneous which authorizes the jury to find for defendant on the theory that plaintiff was in defendant's store and refused to go out when lawfully requested and for that reason the arrest was made.

6. ———: **Trespass: Ejection.** If the store was defendant's and plaintiff had no right there and refused to go when ordered, defendant had the right to have him ejected, but no right to have him imprisoned.

7. ———: **General Denial: Affirmative Defense.** Defendant filed a general denial to plaintiff's petition for false imprisonment. *Held*, that plaintiff made out a prima-facie case when he adduced evidence tending to show that defendant caused him to be arrested and imprisoned without a warrant. It is not necessary for him to anticipate an affirmative defense and show he was not guilty of a crime justifying his arrest. When the arrest and imprisonment without a warrant are proven, the law presumes that they were wrongful until facts are shown to justify them, and those facts must be first pleaded and then proven. Hence, where defendant's only plea was a general denial, he was not entitled to an instruction to the effect that if plaintiff as an employee of defendant collected money belonging to defendant and converted it to his own use defendant had a right to have him arrested, for that was the same as saying that if defendant was guilty of the crime for which he was arrested, the verdict must be for defendant.

8. ————: **Pleading: Justification: General Denial.** Defendant cannot under a general denial to plaintiff's petition charging false imprisonment, show justification, that is, that plaintiff was gulty of the crime for which arrested.

Appeal from St. Louis City Circuit Court. — *Hon. Daniel G. Taylor,* Judge.

REVERSED AND REMANDED.

*Max F. Ruler* for appellant.

(1) The plaintiff need not prove malice or want of probable cause to entitle him to recover in this cause. It is sufficient to show that he unlawfully was restrained of his liberty against his will, at the instance and request of the defendant. Boerger v. Langenberg, 97 Mo. 390, cited in 110 Mo. 306; Taafe v. Slevin, 11 Mo. App. 507, cited in 16 Mo. App. 16; Ahern v. Collins, 39 Mo. 150. (2) The court should have given plaintiff's instructions offered. Boerger v. Langenberg, supra; Taafe v. Slevin, supra; Rich v. McInterny, 103 Ala. 345; Comer v. Knowles, 17 Kan. 441; Burns v. Erben, 40 N. Y. 463; Venneman v. Jones, 118 Ind. 41; Ross v. Leggett, 61 Mich. 445; McGarrahan v. Lavers, 15 R. I. 302; Farnam v. Feeley, 56 N. Y. 451; Reynolds v. Price, 22 Ky. Law. Rep. 5, 56 S. W. 502. "It is well-settled law that one who procures an arrest without any legal warrant, authority or justifiable or reasonable cause, is liable for false imprisonment, although he is not present when the arrest is made." Fkumoto v. Marsh, 130 Cal. 66; Floyd v. State, 12 Ark. 43; Haus v. Kohlar, 25 Kan. 640; Chapman v. Dyett, 11 Wend. 31; Gibbs v. Randlett, 58 N. H. 407; Gee v. Patterson, 63 Me. 49; Vaughn v. Congdon, 56 Vt. 111; Hoffin v. Varilla, 8 Tex. Civ. App. 417; Grohmann v. Kirschman, 168 Pa. St. 189; Winn v. Hobson, 54 N. Y. Sup. Ct. 330; Newby v. Gunn, 74 Tex. 455. Good faith and want of malice is not a defense. Palmer v. Railroad,

92 Me. 399; Grumon v. Raymond, 1 Conn. 40; Flack v. Harrington, Breese (Ill.) 213; Gelzenleuchter v. Neimeyer, 64 Wis. 316; Kinkead's Commentaries on Torts, 474, 475. A pure, naked, unlawful detention, unaffected by any question of motive or purpose, constitutes false imprisonment. The want of lawful authority is an essential element of the offense. Malice is not. Aiken v. Newell, 32 Ark. 605; Chrisman v. Carney, 33 Ark. 316; Mullen v. Brown, 136 Mass. 114. (3) The court should not have given instructions asked by the defendant; they were not responsive to the issues. These instructions were misleading and practically authorized the jury to try issues of embezzlement, instead of those made by the pleadings.

*T. J. Rowe* and *Henry Rowe* for respondent.

(1) The petition fails to state facts sufficient to constitute a cause of action. (2) The instructions given at the instance of respondent properly declare the law, and the instructions offered by plaintiff and refused are erroneous. (3) The case was tried on the theory that if appellant was guilty of either trespass or embezzlement he could not recover; and the evidence conclusively established that he was guilty of both offenses. (4) The verdict of the jury is undoubtedly for the right party and the judgment of the circuit court should be affirmed.

VALLIANT, J.—Action for unlawful arrest and false imprisonment. The statements in the petition are to the effect that at the request and instigation of the defendant the plaintiff was arrested, imprisoned and held in confinement for a period of eighteen hours "without reasonable cause and without right of authority to do so and against the will of this plaintiff." The answer was a general denial.

The evidence on the part of the plaintiff tended to show as follows:

The plaintiff had been the owner of a candy store and was indebted to the defendant in the sum of $1,200, for which defendant held plaintiff's notes, with certain securities. Plaintiff owed some other debts and the financial conditions not being entirely satisfactory the plaintiff made a bill of sale of the whole establishment to defendant, put the defendant in formal possession and his name on the sign in the place of plaintiff's. Plaintiff in his testimony claimed that the transaction was only a conditional sale under which the business was to be run in defendant's name until he could get the money due him and then to be returned to plaintiff, but that it took the form of an absolute sale because defendant's attorney said it was the only way a valid transaction of that kind could be made. After the execution of this bill of sale and the ostensible transfer of the business, defendant still retained the securities he held for his $1,200 notes. Plaintiff remained (as he claimed, in charge as owner; as defendant claimed, as employee) in the establishment and collected money in the business. On February 6, 1903, a dispute arose between them about an item of $5.30 which plaintiff had collected that day, and other items amounting to $38 previously collected; plaintiff refused to turn over the money demanded and defendant called in a police officer and told him that plaintiff had committed grand larceny and requested him to arrest the plaintiff which the officer did and further requested the officer to take the plaintiff to the prison and "lock him up" which the officer also did. Defendant went with the officer to the prison and promised the sergeant of police in charge of the station that he would sue out a warrant the next morning. Plaintiff was taken to prison and incarcerated about 5 o'clock in the afternoon and held until 11 o'clock the next morning; on that morning defendant applied for a warrant, but the

prosecuting attorney refused it. When plaintiff was brought before the sergeant of police at the Four Courts, he admitted that he had collected the money but claimed that it was his money. When the sergeant was informed that the application for a warrant had been denied he discharged the plaintiff.

The substance of the testimony for the defendant was that the sale was absolute and bona fide, that plaintiff was only an employee and as such had collected the money in dispute and converted it to his own use. That on the morning in question when defendant demanded the money, plaintiff refused; defendant ordered him to leave the store, which he also refused to do; then defendant called in the policeman, told him that the plaintiff was a trespasser in his store, and had taken $5.30. ''I ordered the officer to do his duty; he arrested him, and I accompanied them to the Four Courts. I told the man in charge that he had taken the money, $5.30, and that he refused to return it.'' The foregoing is a very brief statement of the facts shown by the evidence in the case, but it is sufficient for an understanding of the law questions involved.

Plaintiff asked three instructions to the following effect:

1. If the defendant caused the plaintiff to be arrested and imprisoned, without process of law, and against plaintiff's will and so held for a period of eighteen hours, the jury should find for the plaintiff, ''and assess his damages in such sum as they believe from the evidence he ought to recover, not exceeding the sum of ten thousand dollars, the amount sued for in the petition.''

2. If the plaintiff was restrained of his liberty at the instance of the defendant without authority or process of law, then in arriving at a verdict the jury should disregard the evidence offered by defendant tending to prove probable cause and want of malice.

3. If the plaintiff ''was restrained of his liberty

at the instance of defendant as charged in the petition," then it was not necessary for the plaintiff to prove malice or want of probable cause.

Those instructions were refused and exceptions taken.

At the request of defendant the court gave three instructions to the effect as follows:

1. If the jury should find for the plaintiff he could recover only the actual damages he sustained and was not entitled to punitive damages.

2. If the store belonged to defendant, and he ordered the plaintiff to leave it and plaintiff refused and thereupon defendant requested the officer to arrest him and he was so arrested, the plaintiff was not entitled to recover.

3. If defendant was the owner of the store, the plaintiff only an employee, and the plaintiff as employee collected $5 or $30 or any other sum or sums belonging to defendant, refused to pay the same over to defendant but converted the same to his own use, then defendant had a right to order his arrest and the plaintiff cannot recover.

There was a verdict for the defendant and judgment accordingly from which the plaintiff has appealed.

The difference between an unlawful arrest or false imprisonment and a malicious prosecution is this: The wrongdoer in making the unlawful arrest, or causing it to be done, takes the law in his own hands and acts without a warrant from a court or magistrate, while the man who instigates a malicious prosecution puts the machinery of the criminal law into operation, causing a warrant to issue and the arrest under the warrant.

It is the right and privilege of any citizen knowing that one has committed or is in the act of committing a crime to arrest the offender or cause him to be arrested without waiting for a warrant, but in doing so

the unofficial citizen takes this risk, to-wit, if it should turn out that the man whom he has arrested was not guilty of the crime, the citizen causing the arrest is liable in a civil action for whatever damages the arrested man sustained in consequence of his arrest and imprisonment. In such case it is no answer to the plaintiff's demand for damages for the defendant to say I had reasonable cause to believe the plaintiff was guilty; I acted without malice, I took the advice of counsel learned in the law. The only plea of justification or excuse is that plaintiff was guilty of the crime for which he was arrested. [Ahern v. Collins, 39 Mo. 150; Boeger v. Langenberg, 97 Mo. 390.]

But in an action for malicious prosecution, though it should turn out that the plaintiff was not really guilty of the crime charged, yet if the defendant in putting the machinery of the law into operation acted in good faith, without malice, with reasonable cause to believe the plaintiff guilty and on the advice of counsel to whom all the facts were disclosed, he would not be liable.

The facts of this case illustrate the reason of the law for holding a defendant to a more strict responsibility in the one case than the other. If this defendant had taken the care before causing the arrest and imprisonment of the plaintiff to go to the law officer and lay the facts of the case before him, as he in fact did the next day, there would probably have been no arrest, but he did not take that care; he took the law into his own hands, inflicted the plaintiff with imprisonment first, and sought the advice of the law officer afterwards.

The instructions asked on the part of the plaintiff were in accordance with the law as above expressed and should have been given. The concluding clause of the first instruction relating to the measure of damages is not entirely correct, because the only limitation given is, "such sum as they believe from the evidence he

ought to recover, not exceeding the sum of ten thousand dollars." That gives the jury free scope; it should have limited the recovery to a sum which the jury should find from the evidence was necessary and sufficient to compensate the plaintiff for the injury he suffered, there being no claim in the petition for punitive damages. That defect in the instruction is cured by the first instruction given for the defendant, but on a retrial it should be corrected in the instruction itself.

The plaintiff's third instruction is inaccurate in the use of the words, "as charged in the petition." The jury knew nothing about the petition and should not be referred to it. Instead of referring the jury to the petition for the character of the arrest, the instruction should have informed the jury on that point. The words, "as charged in the petition," should be omitted from the plaintiff's second instruction.

The second and third instructions given at the request of the defendant should have been refused.

The second instruction authorizes the jury to find for the defendant on the theory that the plaintiff was in the defendant's store and refused to go out of it when lawfully requested, and that the arrest was made for that reason.

In the first place, there was no evidence to support that theory. There was evidence tending to show that it was defendant's store, that he ordered plaintiff to go out and plaintiff refused, but there was no evidence that for that refusal alone the defendant ordered the arrest. The defendant's own account of the scene was that when he called the officer in he told him that the plaintiff was a trespasser in his store and that he had stolen the defendant's money and he wanted him arrested. This was the defendant's testimony: "I demanded the $5.30; he refused, and I called the officer, told him that the man was a trespasser in my store, took money from me, I want him arrested. I want him put out of the place; he is always troubling me.

We came in the store; I again demanded the money from Nick; he said, 'No, I have got it; I will not give it to you; you can't bluff me.' I ordered him out. He said, 'By — I will not go.' I ordered the officer to do his duty, he arrested him and I accompanied them to the Four Courts. I told the man in charge that he had taken the money, $5.30; that he refused to return it.'' The charge of being a trespasser was coupled with the charge of stealing the money and it was not conceivable that for the mere refusal to leave the store the plaintiff would have been imprisoned.

If it was defendant's store and plaintiff had no right to be there and refused to go when ordered, defendant had a right to have him ejected, but no right to inflict jail punishment on him.

The third instruction for defendant was to the effect that if the plaintiff as an employee of the defendant collected money of defendant and converted it to his own use, defendant had a right to have him arrested. That is, if the plaintiff was actually guilty of the crime for which the defendant had him arrested the verdict should be for the defendant.

The defendant was not entitled to that instruction, for the reason that it presented an affirmative defense to the action which was not pleaded. The only plea which defendant filed was a general denial. Under that state of the pleadings the plaintiff made out a prima-facie case when he adduced evidence tending to show that the defendant had caused him to be arrested and imprisoned without a warrant. It was not necessary for plaintiff to anticipate an affirmative defense and show that he was not guilty of a crime justifying his arrest. When the arrest and imprisonment without a warrant is proven, the law will presume that it was wrongful until facts are shown to justify it, and those facts must be first pleaded and then proven. It is in this respect like an action for slander. When the defamatory words are proven the defendant will

be heard either to deny or justify; the one he may
do under his plea of general denial, the other he can
do only under a plea of confession and avoidance.
[Stark v. Geo. Knapp Pub. Co., 160 Mo. 529.]

In an action for false imprisonment, the defendant
under the general denial may introduce evidence which
tends to show that he did not cause the arrest, but
he cannot prove that he was justified in doing so, unless
he has pleaded the facts in justification. [Hoagland
v. Amusement Co., 170 Mo. 342; Thompson v. Buch-
holz, 107 Mo. App. 121; 1 Hilliard on Torts, p. 212, sec.
5; 8 Ency. P. & P., 850.]   Whether objections were
made to the evidence of defendant tending to show
justification on the ground that no such defense was
pleaded, does not appear in the abstract of the record
before us, and perhaps if there was no other error in
the record it would be proper to say that since the
plaintiff made no such objection but allowed the evi-
dence to go in, the giving of the instruction submitting
an issue to the jury which though not raised by the
pleadings yet was based on that evidence, was not re-
versible error, but since for the other errors above men-
tioned the judgment will be reversed, we have consid-
ered it proper to bring this point to the attention of
the trial court for its guidance in the new trial.

For the errors in refusing the plaintiff's instruc-
tions and the giving of defendant's second instruction,
the judgment is reversed and the cause remanded to
the circuit court to be retried according to the law as
herein expressed.   All concur, except *Graves, J.,* not
sitting.