Daisy Myrtle ALEY, Plaintiff,

v.

The GREAT ATLANTIC & PACIFIC
TEA CO., Inc., Defendant.

No. 13411-1.

United States District Court
W. D. Missouri, W. D.

Dec. 4, 1962.

Joe E. Burris, Kansas City, Mo., for
plaintiff.

Bellemere & Bellemere, Kansas City,
Mo., for defendant.

JOHN W. OLIVER, District Judge.

■ This action, removed from the
Circuit Court of Jackson County, Missouri, at Kansas City, is one for false
arrest and false imprisonment.

Defendant filed an amended answer in
which it alleged that: "one of its employees had observed plaintiff take merchandise from defendant's store in Maryville, Missouri, without payment therefor on an occasion prior to November 18,
1960".

November 18, 1960 was the date of
the alleged false arrest. Defendant filed
a motion to strike the quoted portion of
defendant's answer.

Defendant, in its initial suggestions in
opposition to plaintiff's motion to strike,
conceded that plaintiff's counsel correctly stated "the general rule of law that

guilt of one offense cannot be successfully pleaded as a defense for false imprisonment based on another offense". Defendant suggests, however, that "the purpose of the pleaded matter in * * defendant's second amended answer * * * is to make available testimony not of a separate and distinct offense, but rather to be allowed to show that the offense for which she was detained and which gave rise to the present suit for damages was one of which she had been guilty before".

In our first pre-trial memorandum and opinion we suggested that "the question presented is basically a question of admissibility of evidence rather than one of pleading" and requested both sides submit additional briefs directed to the specific evidentiary question involved.

Those briefs have been filed. In them, the parties gave every indication that they desired an expression from the Court in regard to the evidence question involved. Consistent with the spirit of Rule 16, Federal Rules of Civil Procedure, and in an effort to simplify the issues for ultimate trial, we believe that plaintiff's motion to strike should be sustained, although, as we shall presently indicate, we do not now make a final determinative ruling on the evidence question.

We are hopeful, however, that what we shall say will enable counsel better to prepare for trial and to be advised in regard to the procedure that will be followed in regard to the manner in which the evidence question will ultimately be ruled.

■ The point of beginning is Rule 43(a) of the Rules of Civil Procedure, as construed by the controlling decisions of the Eighth Circuit. The recent case of Hope v. Hearst Consolidated Publications, Inc. (2nd Cir., 1961), 294 F.2d 681, 688, discussing the rules of decision in all of the Circuits and reviewing the Moore-Wigmore controversy as to what Rule 43(a) actually required, describes the decision of the Eighth Circuit in Schillie v. Atchison, Topeka, & Santa Fe (8th Cir., 1955), 222 F.2d 810, as "a rather strict view of Rule 43(a)". I agree with that description of that case.

Schillie is controlling so far as this Court is concerned. Certainly the proffered testimony offered to prove that some employee of the defendant saw the plaintiff take merchandise from the defendant's store without payment on an occasion prior to the date of the alleged false arrest would not be admissible "under the statutes of the United States"; nor am I cited nor did I find any decisions that hold it would have been admissible "under the rules of evidence heretofore applied in the courts of the United States on hearing of suits in equity"; and the Missouri cases make it extremely doubtful whether the testimony proffered in support of the contested allegations of defendant's answer would be admissible "under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held", all within the meaning of Rule 43(a) as strictly construed by Schillie.

Obviously no federal statute is involved. So far as the federal cases are concerned, assuming (as is quite doubtful) that under the rule of Schillie we may look to earlier common law federal decisions on evidence questions as well as earlier equity cases, we can not rule that the proffered testimony would be admissible. Anderson v. Sager (8th Cir., 1949) 173 F.2d 794, for example, and the cases there cited, make clear that defendant's anticipated testimony, standing alone, would not be admissible. Sager concedes that an arrest for a misdemeanor could lawfully be made by a peace officer without a warrant "when they have reasonable cause to believe the misdemeanor is being committed in their presence". But Sager did not stop there. After citing three earlier Eighth Circuit cases, it held:

"But the cases cited are also authority for the rule that the probable cause which will justify arrest for misdemeanor without a warrant must be a judgment based on per-

sonal knowledge acquired through the senses *at the time of the arrest,* or based on inferences properly to be drawn from the testimony of the senses. *Mere suspicion is not enough to justify an arrest for a misdemeanor without a warrant."*

See also Director General of Railroads v. Kastenbaum, 263 U.S. 25, 27, 44 S.Ct. 52, 53, 68 L.Ed. 146 (1923). After holding that the defendant must establish probable cause as a matter of defense in a false imprisonment case, the court noted that:

> "The want of probable cause, certainly in the absence of proof of guilt or conviction of the plaintiff, is measured by the state of the defendant's knowledge, not by his intent. * * * The question is not whether he thought the facts to constitute probable cause, but whether the court thinks they did. Holmes on the Common Law, 140."

The basic rationale of Kastenbaum is recognized and applied in Henry v. United States, 361 U.S. 98, 102, 80 S. Ct. 168, 171, 4 L.Ed.2d 134 (1959) in which the court held that "good faith * * * is not enough. Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed".

Under the federal rule it is therefore apparent that a jury would not be permitted to base a finding that probable cause in fact existed if, for example, a defendant testified that it had been his experience that persons wearing red neckties were inclined to steal and that plaintiff, in fact, wore a red necktie at the time defendant arrested him without a warrant.[1]

The rule of decision in Missouri is consistent with that of the federal cases. Teel v. May Department Stores Co. (1941), 348 Mo. 696, 155 S.W.2d 74, 137 A.L.R. 495, did not overrule Pandjiris v. Hartman (1906), 196 Mo. 539, 94 S.W. 270. In fact, Teel relied upon Pandjiris to support its determination that "[i]t is not necessary for a plaintiff to prove malice or want of probable cause to make a case of false imprisonment". Teel does recognize, in a factual situation not presented by Pandjiris, that "probable cause may be an important element of the defense of justification". And Teel accepted the general rule of decision established by cases from other states that "an owner of a store * * * has the right to detain a person therein, for a reasonable time for a reasonable investigation, whom he has reasonable grounds to believe has not paid for what he has received or is attempting to take goods without payment". Teel expressly approved the distinctions noted in Collyer v. Kress & Co., 5 Cal.2d 175, 54 P.2d 20; accepted the limitations placed upon overly broad language in cases such as Pandjiris; and recognized that in particular cases a defendant was entitled to make proof of probable cause as a defense. Specifically, Teel reviewed the detailed evidence presented in that case —which actually involved obtaining goods under false claim rather than theft —and held that a jury question was made by that evidence.

Vanneman v. W. T. Grant Co. (Mo. Sup.1961), 351 S.W.2d 729, 732, emphasizes that the first Teel case did not open the door for the admission of all testimony that a defendant might conceive, from his viewpoint, to constitute reasonable or probable cause for detention. Vanneman, giving advice to the trial

1. Burnaman v. J. C. Penney Co. (D.C.Tex. 1960), 181 F.Supp. 633, cannot be said to support a different conclusion. While it is true that testimony was received in that case to the effect the store had missed merchandise when plaintiff shopped there before, it is also true that case was tried without a jury and evidently, no objection to the testimony was made by plaintiff. We must also add that if this case could be said to support the premise that prior loss of merchandise is sufficient evidence to support a finding of probable cause (as we think it could be argued), we believe it unsound and contrary to the rules of decision in both the federal and Missouri courts.

court for a second trial after remand stated, "It may be noted that justification * * * based on reasonable cause may be pleaded and * * * submitted to the jury *provided there is evidence to justify such submission*" (our emphasis).

■ The Missouri law is clear that "a lawful arrest for a misdemeanor cannot be made on suspicion or information or reasonable grounds to suspect that a misdemeanor is being committed" (State v. Dunivan (Spr.1925), 217 Mo.App. 548, 269 S.W. 415, 417). That rule of decision, announced in a criminal case, was held applicable to a false imprisonment case in Thompson v. St. Louis-San Francisco Ry. Co. (Mo.App., Spr.1928), 3 S.W.2d 1033, 1037, wherein it was held that "mere suspicion of guilt is not sufficient". And see also Carter v. Casey (St.L.1941), Mo.App., 153 S.W.2d 744, 745–746, wherein the obvious interplay of constitutional concepts is recognized by that court.

■ We have examined the depositions on file in regard to the alleged prior incident. About the only concrete testimony was given by witness De Vers. And, taking that testimony at full face value, we can not conceive how that testimony can be said to justify more than a suspicion against plaintiff. As we have pointed out, under neither federal nor Missouri rules of decision, is suspicion enough. Under such circumstances and without further substantial testimony, the question would be one of law for the Court to determine.

■ Montgomery Ward & Co. v. Freeman (4th Cir., 1953), 199 F.2d 720, 724, per Judge Soper, stated the applicable principle when it was held:

"(I)f the facts leading to the prosecution are undisputed and lead to only one inference, the question of probable cause is to be decided by the court; but if the facts are in dispute or are susceptible of several inferences which lead to different conclusions, it is the duty of the judge to submit their credibility to the jury with instructions that the facts found do or do not amount to probable cause."

■ The admission of any testimony relating to prior occasions, if insufficient to make a jury question, would be extremely prejudicial to plaintiff. The quantum of defendant's evidence can easily be ascertained before a jury is permitted to hear any testimony on the subject. It is a common practice to review a line of testimony out of the hearing of the jury. In fact, the entire procedure permitting the making of offers of proof out of the presence of the jury is consistent with the basic idea involved (Cf. Rule 43(c)).

We are also of the opinion that the determination of the question of whether any testimony regarding any prior occasions is to be admitted at the trial is one that would tend to simplify the issues of this case and one that is a proper subject of consideration under paragraph (6) of Rule 16 of the Rules of Civil Procedure.

For the reasons above stated:

1. Plaintiff's motion to strike should be and is hereby sustained.

2. Defendant is ordered to file within ten (10) days a statement similar in nature to that which would be required by Rule 43(c) in the event an objection to any testimony concerning the alleged prior occasion were sustained.

3. Defendant may also outline any other testimony it intends to adduce which, if added to the testimony concerning the alleged prior occasion, might affect the admissibility of the latter testimony.

4. Defendant may also file any suggestions in support of its position.

5. Plaintiff will file suggestions in opposition within five (5) days after receipt of defendant's documents.

6. The question of whether the evidence question can then be ruled definitively before trial will then be considered at a pre-trial conference to be scheduled at the convenience of the parties.

It is so ordered.