**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carl Oakley MOORE, Defendant-
Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Willie Barrentine MOORE, Defendant-
Appellant.**

**Nos. 71–2143, 71–2864.**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 31, 1972.

Rehearing Denied Feb. 29, 1972.

---

\* Rule 18, 5th Cir.; *see Isbell Enter-prises, Inc. v. Citizens Casualty Co. of* New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM.

These appeals follow a consolidated nonjury trial. Carl Oakley Moore was convicted of unlawfully possessing under his custody and control property (sugar) used or intended for use in violation of the Internal Revenue laws. 26 U.S.C.A. § 5686(b). He was sentenced to one year. His wife, Willie B. Moore, was convicted of wilfully assaulting, resisting, opposing, impeding, intimidating, and interfering with federal officers, knowing them to be performing official duties. 18 U.S.C.A. § 111. She was sentenced to three years.

Federal agents discovered an unregistered still 150 yards from the residence of one John Wynn. One hundred gallons of illegal whiskey was observed at the site. The still was put under surveillance. Later in the day the officers observed a pickup truck approaching Wynn's residence and a Negro male, Wynn, board the truck which drove to within 36 feet of the still. Wynn walked to within a few feet of the still where he was arrested. Officer Wilhjelm then ran toward the pickup, yelling that he was a federal officer and ordering the occupants to halt. As the truck sped away, Wilhjelm observed its occupants to be a white male and white female, and the bed of the truck to be loaded and covered by a brown object. He returned to where Wynn was in custody near the still. Wynn admitted he owned the still and said the "white people" had come to "pick up the stuff." A radio message was then sent to other agents, directing them to intercept the pickup. They did so, using unmarked cars.

None of the agents were in uniform. The evidence is in dispute on the question of whether the intercepting officers used their sirens. On approaching the pickup, one officer shouted that he was a federal agent and displayed his badge. As the agents approached the truck, they could see a package of sugar exposed on the bed of the truck (the truck contained 1200 pounds of sugar). Officer Zeigler told Carl Moore he was under arrest for transporting sugar to an illegal distillery. Moore refused to get out of the pickup. When the officers tried to remove him, Willie B. Moore pulled a .38 pistol, waved it menacingly, and threatened to kill the officers. She was disarmed by one of them.

On appeal Carl Moore asserts that the agents lacked probable cause to arrest him or search his vehicle without warrants. Willie B. Moore attacks the sufficiency of the evidence upon which she was convicted. Both contentions lack merit. The officers clearly had probable cause to suspect the Moores of criminal activity. The flight of the suspects whose identity was unknown provided the exigent circumstance necessary for a warrantless arrest. Willie B. Moore argues that she did not know the men approaching the pickup were federal officers. There is controverted testimony on whether the officers sounded their siren, but uncontroverted evidence that officer Zeigler displayed his badge and identified himself before Mrs. Moore brandished her gun. Moreover, Officer Wilhjelm had identified himself as a federal agent at the still site. Taking the view of the evidence most favorable to the Government, we believe there is substantial evidence supporting the conviction.

Affirmed.