**CITY OF ST. LOUIS, Plaintiff-Respondent,**

**v.**

**Robert TREECE, Defendant-Appellant.**

**No. 35089.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 28, 1973.

Motion for Rehearing or Transfer Denied
Oct. 10, 1973.

Application to Transfer Denied
Jan. 14, 1974.

Robert C. McNicholas City Counselor, Raymond J. Issa, Asst. City Counselor, St. Louis, for plaintiff-respondent.

Stephen E. Gottlieb, Charles Bobinette, St. Louis, for defendant-appellant.

GUNN, Judge.

Defendant was found guilty by the St. Louis Court of Criminal Correction of hindering, obstructing and interfering with a St. Louis Police Officer in the discharge of his official duties under Section 768.010 of the Revised Code of the City of St. Louis.

Defendant has urged that if any interference, obstruction or hindrance occurred, it was while the police officer was unlawfully arresting defendant's wife and son; hence it was improper to punish defendant for coming to the aid of members of his family who were being illegally arrested.

Defendant appealed his conviction to the Missouri Supreme Court on the ground that the case involved the construction of the Missouri and United States Constitutions. The Supreme Court found that no point was raised on appeal requiring construction of a provision of either the state or federal constitutions and thereby ordered the case transferred to this court.

The facts are these: On August 17, 1971, St. Louis Patrolman Allen responded to a peace disturbance call in the 2000 block of Sidney Street. Upon his arrival, Patrolman Allen was advised by a Mrs. O'Shea that Mrs. Treece, the defendant's wife, had hit Mrs. O'Shea's daughter with a soda bottle. Patrolman Allen testified that he proceeded to the Treece residence to investigate the complaint; that he asked Mrs. Treece some questions, some which she answered, some which she did not; that he placed her under arrest and took her to the police car in front of the Treece residence. Mrs. Treece was followed to the car by Steven Treece, her son, who insisted on going in the police car with his mother, at which point he was also arrested. Here, the record becomes somewhat opaque, but apparently Mrs. Treece broke away from Patrolman Allen to go back to the house, followed by her son, ostensibly to call Patrolman Allen's superior officer. Mr. Treece, who testified that he had

initially admitted the police into his house and then gone to the bedroom to watch television while they interviewed his wife, came from the house making inquiry as to what was happening and stating that he was going to call a bondsman. Patrolman Allen testified that about 20 or 30 people had gathered and were watching the action; that there was shouting, screaming and the use of obscenities. Defendant grabbed Patrolman Allen's arm and pulled it away from Steven Treece causing Patrolman Allen to lose his grip on Steven. During the melee, Patrolman Allen's mace was activated with the predictable results—more confusion and everyone involved, including Patrolman Allen, affected by the spray. Defendant was then arrested and convicted on the charge from which this appeal is taken. Defendant was fined $25.00, and the fine was stayed.

The Treeces' version of what transpired is to the effect that the Treeces exercised considerably more good judgment and restraint than did Patrolman Allen. Defendant denies that he touched Patrolman Allen or that there were any crowds or that tones of voices at any time became strident. Defendant testified that he did not see Patrolman Allen use any mace on Steven Treece, or strike him or use force in any manner.

■ Defendant argues: 1) that Mrs. Treece and Steven Treece were both illegally arrested (a substantial portion of the argument is directed to the reasons why the arrests were illegal); 2) that a third party—Mr. Treece—may interfere with or prevent an illegal arrest; 3) that, therefore, Mr. Treece was improperly convicted. We disagree with defendant's argument and find that the second premise of his syllogistic argument is not true, thereby causing his conclusion to be in error.

We conclude and find that a third party, in this case the defendant, may not interfere with an arrest, even if such arrest is illegal, so long as the police are not using unreasonable or unnecessary force which would result in serious injury to the arrestee. Therefore, we need not delve into the questions of whether the arrests of Mrs. Treece and Steven were legal or illegal nor discuss the issue of whether an individual may resist his own unlawful arrest. None of these issues is pertinent here.

■ In determining the sufficiency of the evidence to support a conviction, we shall view the evidence in the light most favorable to the city, accept all substantial evidence and all legitimate inferences fairly deducible therefrom which tend to support the judgment and reject contrary and contradictory evidence. The judgment shall not be set aside unless clearly erroneous, and we give due consideration to the trial court's opportunity to judge the witnesses. State v. Petrechko, 486 S.W. 2d 217, 218 (Mo.1972); State v. Lee, 492 S.W.2d 28, 30 (Mo.App.1973); City of St. Louis v. Maloy, 485 S.W.2d 678 (Mo.App. 1972).

We cannot sanction the interference by third persons with the illegal arrest of another person where there is an absence of unreasonable force by the police and the identity of the law enforcement official is apparent. To rule otherwise would promote chaos, confusion and disorder in an already tense and highly emotionally charged situation.

United States v. Vigil, 431 F.2d 1037 (10th Cir. 1970), cert. denied 401 U.S. 918, 91 S.Ct. 901, 27 L.Ed.2d 820 (1971), properly states what we believe to be the law for the factual situation presented in this case where a third party seeks to intervene when a police officer is making an arrest, whether the arrest is lawful or unlawful, and unreasonable or unnecessary force is not being applied by the police officer. In the Vigil case, the United States conceded that the arrest interfered with by the defendant had been illegal, and the court stated, l. c. 1042:

"We are of the opinion that where a peace officer is engaged in making an

arrest, a third person does not have the right to intervene, and assist the person the officer is endeavoring to arrest to resist the arrest, if the third person knows or has good reason to believe the officer is a peace officer authorized to make arrests, and the officer is not clearly using unnecessary force, even though the arrest is illegal.

"We find no decision by a United States court holding that a third person has a right to intervene and resist the attempt of a peace officer to arrest a person, even though the arrest is illegal, where the third party knows or has good reason to believe that the arrest is being made by a peace officer, and the attending facts and circumstances are like those existing in the instant case.

"And we know of no state court decision holding that a third person has the right to intervene and assist a person sought to be arrested by a peace officer to resist such arrest, where the facts and circumstances are like those in the instant case."

United States v. Moore, 456 F.2d 223 (5th Cir. 1972); United States v. Linn, 438 F.2d 456 (10th Cir. 1971) and United States v. Heliczer, 373 F.2d 241 (2d Cir. 1967), cert. denied 388 U.S. 917, 87 S.Ct. 2133, 18 L.Ed. 2d 1359 (1968), support the decision in the Vigil case.

The potential for a melee exists where there is resistance to arrest by an individual being arrested. Much more predictable, then, is the general affray that could result by permitting third persons to interfere with and enter into the volatile circumstances attendant to an arrest particularly where, as here, a crowd has gathered. The consequences can be uncontrolled and calamitous. The evidence here was that the defendant did not observe Patrolman Allen using any force whatsoever on his son, nor was there any question as to Patrolman Allen's identity as a police officer. While it has been found that a third party may go to the defense of a person unlaw-

fully arrested, he may do so only where the officer is using unreasonable and unnecessary force and the need exists to interfere to prevent and protect against serious injury to the person being arrested. State v. Browers, 356 Mo. 1195, 205 S.W.2d 721 (1947); State v. Parker, 378 S.W.2d 274, 281 (Mo.App.1964).

We specifically find that by grabbing Patrolman Allen's arm and pulling it from Steven Treece, defendant did interfere and hinder the police officer in violation of Section 768.010 of the City of St. Louis Revised Code of Ordinances. It is not necessary to show that there has been use of violence or force in order to constitute an offense of interfering, hindering or obstructing under the St. Louis ordinance. City of St. Louis v. Evans, 337 S.W.2d 948, 954 (Mo.1960). Arguing with a police officer has been held to constitute illegal interference. Perkins v. Wilcox, 294 Mo. 700, 242 S.W. 974 (1922). Certainly, the physical grabbing of the police officer's arm was in this case sufficient to constitute a hindrance or obstruction. See City of St. Louis v. Langeneckert, 210 S.W.2d 736 (Mo.App.1948), (Grabbing a policeman's leg).

A parent will exhibit concern for members of his family who are being arrested, but we cannot find that the proper procedure is for a father to interfere with, hinder or obstruct the police officer making the arrest, particularly in this case where there was evidence that a crowd was gathering and there was no evidence of unreasonable force being used by the policeman in arresting defendant's son nor any need to protect the son from bodily injury.

The principle recited in this case that third persons may not interfere or hinder an illegal arrest is intended to have very limited application. This decision should not be interpreted as a condonation or tolerance of precipitous police action or abuses in making illegal arrests.

We have considered all other points and authorities raised by defendant not here discussed and find them without merit or need for discussion.

The judgment is affirmed.

SMITH, P. J., and SIMEONE and KELLY, JJ., concur.