Joyce E. CARVERTON,
Plaintiff-Appellant,

v.

J.C. PENNEY COMPANY, INC., and
James Arnold,
Defendants-Respondents.

No. 44514.

Missouri Court of Appeals,
Eastern District,
Division One.

April 12, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied May 19, 1983.

Application to Transfer Denied
June 30, 1983.

James A. Stemmler, St. Louis, for plaintiff-appellant.

Paul S. Brown, St. Louis, for defendants-respondents.

GAERTNER, Judge.

In her petition, plaintiff Joyce E. Carverton prayed for actual and punitive damages against defendants J.C. Penney Company, Inc. and James Arnold in three counts. Count I sounded in false imprisonment, Count II in battery, and Count III in malicious prosecution. All three Counts were submitted to a jury which found in favor of plaintiff and against both defendants on Counts II and III and in favor of defendants on Count I. Plaintiff appeals from the judgment entered on the defendants' verdict on Count I. Defendants have not appealed.

Plaintiff's sole point on appeal is a four-pronged attack upon Instruction 16, an affirmative defense instruction to plaintiff's claim of false imprisonment as submitted in Instruction 14.[1]

A brief recitation of the facts is necessary. Plaintiff and her brother, Dale were in the Cherokee Street J.C. Penney store in the late afternoon of Christmas Eve, 1976. Dale left plaintiff on the first floor of the store and went to the basement where he believed there were restrooms available. On the stairway he encountered Arnold, a police officer of the St. Louis Metropolitan Police Department, working secondary employment as a security officer for J.C. Penney. Arnold, who was not in uniform, asked Dale where he was going. Dale replied "to the restroom." Arnold advised him the rooms formerly used for that purpose were now used as store-rooms and were closed to the public. The testimony regarding the manner in which the ensuing altercation was precipitated is divergent. It ended with Dale forcibly subdued and handcuffed. He was led by Arnold back to the main floor toward the security office. During this journey, Dale saw his sister and called out her name. This was plaintiff's first awareness that something was amiss. She followed to the security office where the conduct giving rise to her claim of false imprisonment occurred.

Again, the testimony regarding this incident is divergent. Viewing the evidence in the light most favorable to the verdict on the false imprisonment count, as we must, *Fowler v. Daniel,* 622 S.W.2d 232, 236 (Mo.App.1981), *Meyer v. Lanning,* 620 S.W.2d 34, 35 (Mo.App.1981) the jury could have believed that plaintiff pushed open the closed door to the security office and started hollering. Arnold told her he had arrested the man in his custody and that she should leave. When she refused and continued to shout, Arnold warned her she would be arrested if she did not leave. The continuation of her shouting caused Arnold to tell her she, too, was under arrest; whereupon plaintiff jumped at Arnold with her hands upraised. She was then forcibly subdued, handcuffed and eventually taken to the police station and charged with interfering with an officer, resisting arrest and destroying private property in violation of Ordinances of the City of St. Louis.

We need not set forth other evidence relating to the battery and malicious prosecution claims which are not at issue here.

Plaintiff contends the giving of Instruction 16 was prejudicially erroneous because 1) it required no finding of reasonableness on the part of Arnold toward her or her brother, 2) it required no finding that Arnold was acting in the capacity of a police officer, and 3) it required no finding that plaintiff knew he was a police officer acting in performance of his duties.

■ In arguing her first contention of error in Instruction 16, plaintiff relies solely

---

1. *Instruction No. 14*

Your verdict must be for plaintiff on plaintiff's claim for false imprisonment against defendants J.C. Penney Company, Inc. and James Arnold, if you believe:

James Arnold intentionally restrained the plaintiff against her will,

Unless you believe that plaintiff is not entitled to recover by reason of Instruction No. 16.

*Instruction No. 16*

Your verdict must be for defendants, J.C. Penney and James Arnold on plaintiff's claim for false imprisonment if you believe:

First, James Arnold was a security officer for J.C. Penney Company at the time he restrained plaintiff and

Second, plaintiff interfered with James Arnold while in the discharge of his duties as a security officer.

upon criminal cases involving charges of 1) obstructing and interfering with a police officer in the discharge of his official duties, *City of St. Louis v. Treece,* 502 S.W.2d 432 (Mo.App.1974); 2) striking a police officer engaged in the performance of his duties, *State v. Nunes,* 546 S.W.2d 759 (Mo.App.1977); and 3) assaulting a police officer, *State v. Briggs,* 435 S.W.2d 361 (Mo.1968). The first two of these cases supply authority to the proposition that lawful self defense justifies resort to force in resisting the excessive use of force by a police officer engaged in making an arrest.[2] This proposition and the cases supporting it are totally inappropriate here.

This is a civil case seeking actual and punitive damages for the tort of false imprisonment. The gist of the case is the issue of intentional, wrongful restraint of plaintiff by defendants. "The essence of the wrong of false imprisonment is the confinement, without legal justification, by the wrongdoer of the person wronged." *Warrem v. Parrish,* 436 S.W.2d 670, 672 (Mo. 1969). In the criminal cases relied upon by plaintiff and, indeed, in Count III herein seeking damages for battery, the reasonableness of the manner in which the arresting officer accomplishes the detention may constitute an issue for submission to the trier of facts. But on Count I for false imprisonment, the focus of attention is upon the restraint itself and the possible legal justification therefor. Here, the restraint was undisputed. Instruction 16 properly submitted only the issue of legal justification for the determination of the jury.

We note there is no appropriate Missouri Approved Instruction for the submission for the defense of legal justification in all false imprisonment cases. MAI 32.13 [1978 Revision] *Affirmative Defenses—False Imprisonment—Shoplifting* is by its title and its language limited in scope to the submission of the statutorily created affirmative defense available to a merchant who has rea-

sonable grounds or probable cause to believe a person has committed or is committing the wrongful taking of merchandise. § 537.125, RSMo 1978. This Section, first enacted in 1961, created a new defense for merchants in their never-ending battle against shoplifters. Prior thereto, reasonable cause and honest belief were no defense to an action for false imprisonment. *Pandjiris v. Hartman,* 196 Mo. 539, 94 S.W. 270, 196 Mo. 539 (1906); *Titus v. Montgomery Ward & Co.,* 232 Mo.App. 987, 123 S.W.2d 574, (Mo.App.1939). The quid pro quo for this new defense was the legislative imposition of a requirement of reasonableness upon the time and manner of detention. This, too, was a departure from the common law under which unreasonable force used in effectuating detention was not an element of the cause of action for false imprisonment, but did provide a cause of action for battery as was successfully prosecuted by plaintiff herein. MAI 32.13, Section 537.125, and the departures from the common law contained therein have no application under the facts of this case.

When there is no applicable MAI so that an instruction not in MAI must be given, Supreme Court Rule 70.02(e) requires that it be "simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts." Instruction 16 submitted only the ultimate facts of Arnold's acting as a security officer and plaintiff's interference with his discharge of his duties as such. There was ample evidence to support this submission. The verdict of the jury on the false imprisonment count under this instruction constituted a finding that Arnold's detention of plaintiff was legally justified because of her interference.

Plaintiff's contentions that Instruction 16 was erroneous in failing to require a finding that Arnold was acting as a police officer and that plaintiff was aware of that

---

**2.** *State v. Briggs,* 435 S.W.2d 361 (Mo.1968) held that an individual may not resist arrest on the basis of a contention that the law he allegedly was violating was unconstitutional or

invalid for some other reason. Such a contention must be raised as a defense to the charge, its merit to be determined in court.

fact are likewise without merit. *Manson v. Wabash Railroad Co.*, 338 S.W.2d 54 (Mo. banc 1960), effectively eliminates any relevance to the distinction between the authority of a police officer and that of a licensed watchman or security officer insofar as justification for arrest is concerned.

In her final contention, plaintiff suggests the possibility that the language of Instruction 16 gave defendants a "super status" or branded plaintiff as a wrongdoer, thereby accounting for the low verdicts on the other counts. Plaintiff has not appealed from the judgment entered on the other counts. Therefore, this contention presents nothing for review.

The judgment of the trial court is affirmed.

SIMON, P.J., and STEPHAN, J., concur.